Holmes v. Steele.

HOLMES

v.

STEELE.

1. Where a defendant stands by and permits a sheriff to sell several separate lots of land as one tract, without objection, he cannot afterward object because they were not sold in parcels.

2. If a defendant in a judgment at law has had a fair opportunity to be heard upon a defence over which the court had full jurisdiction, equity will not enjoin the enforcement of such judgment, simply on the ground that it is unjust, even if convinced that the court of law committed an error.

On filing the bill in this case, a restraining order was granted, and also an order to show cause why an injunction should not issue pursuant to the prayer of the bill. The motion for the injunction was heard on bill, answer and affidavits.

*Mr. S. B. Ransom,* and *Mr. L. S. Chatfield* of New York, for motion.

*Mr. Frank Bergen* and *Mr. W. J. Magie, contra.*

THE VICE-CHANCELLOR.

This is an injunction bill. The complainant claims relief on two grounds. First, that the sheriff of Somerset county has made sale of his lands contrary to law, having sold them as an entirety, and not in parcels as he requested; and second, that the judgment under which the sale was made was inequitable and unjust, being founded on a debt alleged to have been paid many years ago.

As a general rule, a sheriff, in making sale of a debtor's land, should sell no more than just sufficient to pay the debt he is required to make, with the costs and expenses of sale, provided such portion can be conveniently detached, and if

the land is already divided into distinct parcels, it should be sold in parcels, even if a sale of all the parcels is necessary to make the required sum, unless more money can be realized by a sale of it as a whole. But this is only a general rule. The main purpose of a sale is to satisfy the creditor's debt, but this must be accomplished without unnecessary injury or loss to the debtor. No uniform rule can be established by which all sales shall be conducted. A mode clearly the best in one case would be highly injurious in another. The law therefore confers upon the officer who is charged with the duty of making sale, large discretionary power, and until it is clearly shown he has abused his discretion, or fraudulently exercised his power, the court must assume that he has acted fairly and discreetly. *Merwin* v. *Smith*, 1 *Gr. Ch.* 182; *Parkhurst* v. *Cory*, 3 *Stock.* 233; *Vanduyne* v. *Vanduyne*, 1 *C. E. Gr.* 93; *Cummins* v. *Little, Ibid.* 48. The mere fact, therefore, that a number of different tracts were, in this instance, sold as an entirety, does not invalidate the sale, nor even render it questionable; but, on the contrary, it must be assumed, until the legal presumption is overcome, that the sheriff made the sale in that mode which was the best under the circumstances. The complainant, however, alleges that he requested the sheriff to sell in parcels, and designated the part he wanted sold first. This the sheriff positively denies; he says the complainant made no objection to the manner of the sale, and did not suggest any other way to sell the property than that he adopted. The complainant's conduct does not inspire confidence. It is difficult to resist the conviction that he has, all through this litigation, been prompted rather by a desire to lay the foundation for dilatory proceedings than to get an opportunity to present the merits of his defence. I am compelled to believe, upon the affidavits read at the hearing, that the complainant did not request a sale by parcels, but stood by and permitted the several tracts to be sold as a whole, without objection.

In December, 1874, the defendant, Steele, brought suit against the complainant, in the supreme court of this state, on a judgment recovered against him in the supreme court of the state of New York, in 1857. The pleas filed by the complainant to this suit were treated as shams, and judgment was entered, regardless of them, by order of the court. Subsequently the judgment was so far opened as to allow the complainant to have a trial, and the action was regularly taken down for trial at the May term (1876) of the Union county circuit. Four continuances, for short periods, were granted, on the application of the complainant, during the term, and when the last was granted, he was notified by the court he must be ready for trial on the day assigned. On the morning of that day, he says, he left his home in North Plainfield at six o'clock, and went to New York city to secure the attendance of some of his witnesses, who resided there, intending to return on a train advertised to leave New York at twenty minutes after nine o'clock, which would have enabled him to reach the court house in Elizabeth at ten o'clock, the hour when the court opened; but, on reaching the depot in New York, on his return, he was, for the first time, informed the train he expected to take was not permitted to carry passengers for Elizabeth; that he was compelled to remain and to take passage on a later train, and that, in consequence of this unexpected and unavoidable delay, he did not reach the court house until after a verdict had been rendered against him. Within a few days thereafter an unsuccessful application was made on his behalf to the justice of the supreme court presiding at the trial, for a rule to show cause why the verdict should not be set aside; this application was renewed, on affidavits of surprise and merits, before the supreme court at the June term following, and was again denied; and it was again made before the same court, on additional affidavits, at the November term last, and again refused. It is not pretended there is a fact before this court that was not presented to and considered by the

supreme court, nor is it disputed that that court had complete jurisdiction of all the questions raised in the proceeding, and full power to give adequate relief. The complainant sought relief in that forum; it had full power to hear and determine his application. I think he is bound to submit to its judgment. He certainly cannot have it reviewed here.

A suitor who comes to a court of equity asking that he may have the benefit of a just defence which a court of law cannot hear, or that he may have liberty to set up a defence wholly unknown to him (and his ignorance is not the result of negligence) when the judgment at law was recovered against him, or that he may be relieved against a judgment procured by the fraud of his adversary, which he did not have an opportunity to denounce in the court pronouncing judgment, presents a case exclusively the subject matter of equity cognizance; and he has, therefore, a right to have his adversary enjoined until the validity of his claim to relief has been examined; but the doctrine is perfectly well settled, that this court will not, on the application of a defendant in a judgment at law who has had a fair opportunity to be heard upon a defence over which the court pronouncing the judgment had full jurisdiction, enjoin the enforcement of the judgment, simply on the ground that it is unjust, even if it is convinced the court passing judgment committed an error in law. *Power's ex'rs* v. *Butler's adm'rs*, 3 *Gr. Ch.* 465; *Vaughn* v. *Johnson*, 1 *Stock.* 173; *Moore* v. *Gamble, Ibid.* 246; *Reeves* v. *Cooper*, 1 *Beas.* 223; *Simpson* v. *Hart*, 1 *Johns. Ch.* 91. It rests upon the highest considerations of propriety and justice. A matter once fully considered and decided by a competent tribunal, cannot be open to review, upon exactly the same facts, in another tribunal of merely concurrent powers, without producing conflicting decisions, and, consequently, indecorous strife between the tribunals, and leading to a great deal of litigation purely experimental and vexatious. The language of Chancellor Williamson, in *Reeves* v. *Cooper, supra,* is so exactly

pertinent to the question under discussion, that it ought, perhaps, to have been decided by merely a quotation. He says : " Where the party has presented the matter which he claims as the ground of his relief, to a court of law, and the court has decided against him, or when, through his own negligence, he has failed to present it to the court in which the suit was pending, this court can grant no relief. It has no authority to sit in judgment to correct alleged errors of courts of law, and it will not aid a party who, through his own sheer negligence, has involved himself in difficulty."

The order to show cause must be discharged and the injunction denied, with costs.